# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br><br>v.<br><br>**HORIZON LINES, LLC,**<br>**Defendant.** | **Criminal No. 11-00071 (DRD)** |

### SENTENCING MEMORANDUM OF THE UNITED STATES

The United States, by and through the undersigned attorneys, hereby files this Sentencing Memorandum in support of its recommendation that the Court sentence defendant Horizon Lines, LLC ("Horizon") to pay a criminal fine of $45 million, payable in agreed installments, without interest, over five years.

## I. INTRODUCTION

On February 24, 2011, the United States filed an Information charging Horizon with one count of violating the Sherman Antitrust Act, 15 U.S.C. § 1. Horizon is scheduled to be arraigned, enter a plea, and be sentenced on March 15, 2011. Horizon will waive indictment and plead guilty under Fed. R. Crim. P. 11(c)(1)(C).

The United States submits this memorandum to provide additional support for the recommended fine of $45 million (including the recommended payment schedule) and to request the imposition of a term of probation. The United States believes that the Plea Agreement[1] and this memorandum provide information sufficient to allow for the imposition of sentence on the scheduled date of the plea hearing without a presentence investigation, as permitted by Fed. R.

---

[1] Courtesy copies of the Plea Agreement and Plea Agreement Supplement were provided to the Court on February 24, 2011.

Crim. P. 32(c)(1)(A)(ii), but the United States is prepared to submit additional information if requested by the Court.  The parties will file the original, executed Plea Agreement and resolution of the Horizon Board of Directors at sentencing.  As required by L.Crim.R. 111(b), the United States will also file a Plea Agreement Supplement under seal at sentencing.

## II. MATERIAL TERMS OF THE HORIZON PLEA AGREEMENT

The material terms of the Horizon Plea Agreement include:

A.      Horizon will waive indictment, waive all rights as enumerated in the Plea Agreement, and plead guilty under Fed. R. Crim. P. 11(c)(1)(C) to a one-count Information charging Horizon with participating in a combination and conspiracy to suppress and eliminate competition by agreeing to fix rates and surcharges for Puerto Rico freight services, from at least as early as May 2002 until at least April 2008, in violation of 15 U.S.C. § 1.  During the relevant period, Horizon was engaged in the sale of Puerto Rico freight services in the continental United States and Puerto Rico and employed more than 200, but fewer than 1,000, employees in its Puerto Rico business unit.  During the relevant period, Horizon's sale of Puerto Rico freight services may have totaled as much as $1.4 billion.

B.      The United States and Horizon agree that the appropriate sentence in this case is a fine of $45 million and a special assessment of $400.  The recommended fine will be paid in installments over five years, with no interest, as enumerated in the Plea Agreement.  The first installment of $1 million will be paid within 30 days of imposition of sentence, with $1 million due at the one-year anniversary of imposition of sentence ("anniversary"), $3 million due at the second anniversary, $5 million due at the third anniversary, $15 million due at the fourth anniversary, and $20 million due at the fifth anniversary.  Horizon agrees to have its sentence

determined under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), although Horizon understands the Guidelines are advisory, not mandatory.

      C.      The parties agree that the recommended fine of $45 million and payment schedule are appropriate, pursuant to U.S.S.G. §8C3.3(a) and (b), due to Horizon's inability to pay a greater fine without substantially jeopardizing its continued viability, even with the use of a pro rata installment schedule.

      D.      The United States will not seek restitution in this case in light of the civil class action cases filed against Horizon and pending in this Court, which potentially provide for a recovery of a multiple of actual damages. Additionally, Horizon has reached a settlement agreement that will result in the payment of restitution to at least some victims of its criminal conduct.

      E.      The United States agrees, subject to the requirements of the Plea Agreement Supplement filed separately under seal, that it will not bring further criminal charges against Horizon and related entities for their participation in the Puerto Rico freight services conspiracy.

### III.  UNITED STATES SENTENCING GUIDELINES CALCULATIONS

The following Guidelines calculation assumes sales by Horizon of Puerto Rico freight services between the continental United States and Puerto Rico during the relevant period that total $1.4 billion:[2]

      A.      Base Fine (20% of $1.4 billion)                                  $280 million
             (Volume of Affected Commerce)
             (§§2R1.1(d)(1) & 8C2.4(b))

---

[2] Because the United States and Horizon entered into fine negotiations only after Horizon made a prima facie showing of its inability to pay a Guidelines fine, the parties did not endeavor to reach agreement on the precise volume of commerce affected by Horizon's conduct.

B. Culpability Score

1. Base (§8C2.5(a)) 5

2. Involvement in or Tolerance of 3
Criminal Activity (§8C2.5(b)(3)(B)(ii))

3. Prior History (§8C2.5(c)) 0

4. Violation of Order (§8C2.5(d)) 0

5. Obstruction of Justice (§8C2.5(e)) 0

6. Effective Program to Prevent and 0
Detect Violations of Law (§8C2.5(f))

7. Self-Reporting, Cooperation, and -2
Acceptance of Responsibility (§8C2.5(g)(2))

C. Total Culpability Score 6

D. Minimum and Maximum Multipliers (§8C2.6) 1.2 – 2.4

E. Minimum and Maximum Fine Range (§8C2.7) $336 - 672 million

F. Total Fine Based on U.S.S.G. §8C3.3(a) & (b) $45 million

## IV. HORIZON'S ABILITY TO PAY

The investigation by the United States of the Puerto Rico water freight industry became public knowledge in April 2008, when certain carriers including Horizon were searched, pursuant to warrant, by the Federal Bureau of Investigation.  Soon thereafter, Horizon acknowledged its participation in conduct that violated 15 U.S.C. § 1 and agreed to plead guilty and accept responsibility for that conduct, subject to reaching agreement on a fine that it could afford to pay.

In calculating the potential Guidelines fine in this case, the United States followed the Sentencing Guidelines and determined the fine range that would have applied in this case. Horizon was then required to make a prima facie showing of its inability to pay a Guidelines fine

before the United States would agree to consider a resolution pursuant to U.S.S.G. §8C3.3(a)-(b). Horizon made the requisite showing through its Chief Financial Officer and an expert witness. As a result, the United States retained Dale Zuehls of Consulting Sciences, Inc., a forensic accounting expert, to conduct an independent analysis.[4] The resulting analysis by Mr. Zuehls was very long and exhaustive, taking almost two years and involving numerous meetings with the company.

Mr. Zuehls began his analysis by reviewing Horizon's prior financial information including, among other things, audit reports, annual reports, corporate tax returns, statements of cash flows, debt agreements and covenants, forecasts, analyst reports, and earning releases from the prior five years. Mr. Zuehls undertook to assess (1) Horizon's historic performance, (2) Horizon's current financial position and balance sheet strength, and (3) the future forecasts and prospects for Horizon and the industry as a whole.

Although historic performance is typically a good indicator of future performance, Mr. Zuehls has found that historic performance is not, in and of itself, dispositive of future performance. Thus, Mr. Zuehls considers current and future strengths and opportunities for the company tempered by company-specific and industry threats and weaknesses. Issues that were considered included the company's debt covenants, acceleration debt clauses, and potential civil liability.

After a comprehensive review, and many meetings with Horizon and its experts, Mr. Zuehls ran his accumulated information through his financial models based upon several iterations of possible future events, pricing components, debt refinancing, and other factors.

---

[4] Mr. Zuehls is highly experienced in this field and has performed many other ability-to-pay evaluations for the Antitrust Division in investigations of a number of other industries.

Based on his financial modeling, Mr. Zuehls synthesized his findings with the company's forecasts, analysts' forecasts, and "common-sizing" projected financials.

As a result of this analysis, Mr. Zuehls concluded that the most Horizon could afford to pay without substantially jeopardizing its continued viability and its ability to pay restitution was $45 million. Mr. Zuehls also recommended an installment payment schedule that is substantially back loaded in order to give the company the flexibility that it needs to deal with other, near-term financial obligations. Horizon has agreed to pay $45 million pursuant to the recommended schedule to resolve its criminal liability.

Although the recommended fine is far less than would result from the application of the Sentencing Guidelines, the United States and Mr. Zuehls went to great lengths to determine the maximum amount that Horizon could afford to pay and still retain its viability. Horizon is in tenuous financial condition and has presented evidence of its need to resolve its criminal liability expeditiously in order to be able to refinance its existing debt. If the company's sentencing is significantly delayed, the fine imposed is greater than the $45 million, or the payment schedule is structured differently than recommended by the parties, Horizon's ability to refinance its debt will be jeopardized, which could result in significant service disruptions and could imperil its ability to perform its settlement agreement with victims of the subject conspiracy.

For all these reasons, the United States respectfully submits that the recommended fine of $45 million (including the recommended payment schedule) is reasonable and represents the maximum fine that Horizon is able to pay.

## V.   PROBATION

The United States recommends that the Court impose a five-year term of probation under U.S.S.G. §8D1.1(a)(2) because Horizon will not pay its criminal fine in full at the time of

sentencing but, instead, will pay the fine in installments over five years.  The United States believes that probation is necessary to safeguard Horizon's ability to make the required fine payments because the installment payments are substantially back loaded.

On that basis, the United States requests that the Court include the following conditions of probation in its sentence:

1. Under U.S.S.G. §8D1.3(a), that Horizon not commit another federal, state, or local crime during the term of probation; and

2. Under U.S.S.G. §8D1.4(b)(3)(A), that Horizon submit its audited financial statements to the Court and the United States annually so that an assessment can be made regarding the company's continued ability to make its remaining installment payments.

At the present, the United States believes that these conditions of probation are adequate to safeguard Horizon's ability to make the required fine payments.  In the event that subsequent events or circumstances at Horizon warrant a change in the conditions of probation, the United States reserves the right to request the Court to modify, reduce, or enlarge the conditions of probation pursuant to 18 U.S.C. § 3563(c).

///

## VI.   CONCLUSION

Based on the foregoing, the United States respectfully requests that the Court accept the parties' recommendation of a criminal fine of $45 million in this matter, payable as set forth in the Plea Agreement, and impose a term of probation with the conditions requested above.

DATED: March 9, 2011

                        Respectfully submitted,

                        BY:      /s/ Michael Whitlock
                              Brent Snyder, PR Attorney #G01209
                              Craig Y. Lee, PR Attorney #G01208
                              Michael Whitlock, PR Attorney #G00801
                              Jessica Lefort, PR Attorney #01207
                              Trial Attorneys
                              U.S. Department of Justice
                              Antitrust Division
                              450 Fifth Street, N.W., Suite 11300
                              Washington, D.C. 20530
                              Tel.: (202) 307-6694
                              Fax: (202) 514-6525
                              Email: michael.whitlock@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on this 9th day of March 2011, the foregoing Sentencing Memorandum by the United States was filed electronically and to the best of my knowledge, information and belief, counsel for defendant Horizon Lines, LLC will be notified through the Electronic Case Filing System.

DATED:   March 9, 2011 at Washington, D.C.

                                                              /s/ Michael Whitlock
                                                                Michael Whitlock