# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>HORIZON LINES, LLC,<br>Defendant. | Criminal No. 11-00071 (DRD) |

## SUPPLEMENTAL SENTENCING MEMORANDUM OF THE UNITED STATES

The United States, by and through the undersigned attorneys, hereby supplements its Sentencing Memorandum in the above matter by submitting the attached Declaration of Dale Zuehls.

DATED: March 18, 2011

                                Respectfully submitted,

BY:     /s/ Michael Whitlock
           Brent Snyder, PR Attorney #G01209
           Craig Y. Lee, PR Attorney #G01208
           Michael Whitlock, PR Attorney #G00801
           Jessica Lefort, PR Attorney #01207
           Trial Attorneys
           U.S. Department of Justice
           Antitrust Division
           450 Fifth Street, N.W., Suite 11300
           Washington, D.C. 20530
           Tel.: (202) 307-6694
           Fax: (202) 514-6525
           Email: michael.whitlock@usdoj.gov

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>HORIZON LINES, LLC,<br>Defendant. | Criminal No. 11-00071 (DRD) |

## DECLARATION OF DALE ZUEHLS

I, Dale Zuehls, hereby declare as follows:

1. I am a principal in the Certified Public Accounting and consulting firm of Zuehls, Legaspi & Company (formerly, Consulting Sciences, Inc.). I have been retained by the U.S. Department of Justice, Antitrust Division to assess Horizon Lines, LLC's ability to pay a criminal fine without substantially jeopardizing its continued viability and its ability to pay restitution to possible victims of its criminal conduct in the Puerto Rico trade. I have personal knowledge of the matters set forth herein and, if called as a witness, could testify thereto.

BACKGROUND

2. I am a Certified Public Accountant, have a PhD in Accounting, and a Juris Doctor degree. I also have almost 40 years of experience in complex accounting, fraud, forensic, tax and consulting matters.

3. I am currently and have been in charge of numerous engagements with complex forensic accounting and valuation issues and have frequently been retained in high profile accounting fraud and forensic engagements. My work has included projects for the United States Department of Justice, United States Customs, the Federal Bureau of Investigation, the Los Angeles Police Department, the Judicial Council of California and others.

4. I was originally in the audit practice with Arthur Andersen & Co. and later became a partner with the international accounting firm of KPMG. In my role at KPMG, I was the National Partner in Charge of Class Action Services. I consulted with major law firms throughout the country on complex forensic accounting, valuation, tax and litigation matters. Additionally, I have provided expert testimony in many complex business litigation matters. My litigation experience has included work on various complex accounting and tax issues, quantification of damages, development of complex damage models, market data research, business data analysis, business and market trend analysis, rebuttal of opposing expert damage theories, valuation of assets, going concern and lost opportunity and other similar activities.

5. I have been retained on numerous occasions by the Department of Justice, Antitrust Division to perform an independent assessment of the ability of a company to pay a criminal fine for an antitrust violation. As set forth in more detail below, my work in this area requires me to consider not only the payment of a criminal fine to the United States but also the likelihood of civil liability and the need to pay restitution. In international matters, I may also have to consider the likelihood of liability to foreign jurisdictions and in foreign civil matters.

6. My past work for the Antitrust Division has included ability-to-pay assessments of companies in the airline cargo and passenger industries, the computer memory industry, and the domestic water freight industry, among others. I have also performed assessments, on occasion, of the need of a company to defer, in whole or part, criminal fine installment payments.

HORIZON LINES, LLC

7. More than two years ago, I was retained by the Antitrust Division to assess the ability of Horizon Lines, LLC (Horizon) to pay a criminal fine in the range suggested by the Sentencing Guidelines. In order to do so, I followed the methodology that I have used to perform similar analyses in the past. The analysis for Horizon was very long and extensive – encompassing over 2 years and numerous meetings with the company's Chief Financial Officer, experts, and counsel.

8. I first reviewed Horizon's prior financial information which included over a thousand pages of documents. Such documents included five years of past audit reports, annual reports, corporate tax returns, statements of cash flows, debt agreements and covenants, forecasts, analyst reports, earnings releases, and numerous other documents.

9. My approach is to (a) understand the historic performance of the company, (b) understand its current financial position and balance sheet strength and (c) understand the future forecasts and prospects for the company and the industry as a whole. Historic performance is a typically good indicator of future performance but is not, in and of itself, wholly dispositive. I reviewed the current and future strengths and opportunities of the company and tempered such findings by company-specific and industry threats and weaknesses. Several issues also were reviewed extensively, such as debt covenants requirements, stock listing issues, and acceleration debt clauses, among others.

10. After a comprehensive review and many meetings with Horizon and its experts, I ran its information through my financial models based upon many different iterations of possible future events, pricing components, debt refinancing, and others. Based upon my financial modeling, I triangulated my findings with the company's forecasts, analysts' forecasts, and common-sizing projected financials. The resultant work allowed me to conclude that the ability-to-pay fine should be $45 million with no interest to be payable disproportionately over a 5-year period in the installment schedule recommended in the Horizon Plea Agreement.

11. In concluding that Horizon could afford to pay a criminal fine of $45 million, I specifically considered and factored in its need to pay restitution to the possible victims of its criminal conduct in the Puerto Rico trade. That task was somewhat easier in this case than in some others because, at the time I did my analysis, I was aware that Horizon had agreed to pay $20 million to

2

settle the MDL litigation in Puerto Rico, and I was able to consider the terms of that settlement, including the possibility of some opt-out exposure, in my analysis.

12. I believe that the recommended installment payment schedule, which is heavily back-loaded, will facilitate Horizon's restitution payments and also refinancing of its existing debt, which is critically important to the company's future financial success.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*Dale Zuehls*
Dale Zuehls

Executed this 18th day of March, 2011 at Los Angeles, California.

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of March 2011, the foregoing Supplemental Sentencing Memorandum by the United States was filed electronically and to the best of my knowledge, information and belief, counsel for defendant Horizon Lines, LLC will be notified through the Electronic Case Filing System.

DATED: March 18, 2011 at Washington, D.C.

/s/ Michael Whitlock
Michael Whitlock